**CASE NO. 22-30311**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**KENAI IRONCLAD CORPORATION,**

                        **PLAINTIFF - APPELLEE**

v.

**CP MARINE SERVICES, LLC; TEN MILE EXCHANGE, LLC, ET AL.,**

                        **DEFENDANTS - APPELLANTS**

_____

**ON APPEAL FROM
THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA**

**2:19-CV-2799**

_____

**CP MARINE SERVICES, LLC AND
TEN MILE EXCHANGE, LLC'S OPPOSITION
TO MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION**

_____

                        Alfred J. Rufty, III (#19990)
                        Jones Walker LLP
                        201 St. Charles Avenue - 48th Floor
                        New Orleans, Louisiana 70170-5100

## APPELLANTS' OPPOSITION TO APPELLEE'S
## MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION

The motion of appellee, Kenai Ironclad Corporation, for a dismissal for want of jurisdiction lacks merit and should be denied.

Kenai contends that the undetermined amount of the district court's award of attorney's fees in its Judgment of May 17, 2022 (Doc. 90), defeats this Court's jurisdiction over this action. Plaintiff argues that the unquantified attorney's fees here were awarded as damages, not costs; a characterization they allege prevents finality of judgment because damages must be fully quantified for judgment to be final under 28 U.S.C. § 1291.  However, undetermined attorney's fees, regardless of their characterization as either damages or costs, do not preclude finality of judgement under 28 U.S.C 1291, as clarified by the U.S. Supreme Court in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200-201 (1988).

00nai relies on this Court's decision in *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir. 1982).  The U.S. Supreme Court, however, in *Budinich* abrogated *Holmes* in favor of a bright-line rule that regardless of their characterization as costs or damages, an unresolved issue of attorney's fees does not prevent finality of judgment under § 1291.  *Budinich*, 486 U.S. 196 at 201.

This Court's decision in *Holmes* considered situations where statutes creating liability for attorney's fees can cause them to be part of the merits of the case (i.e. damages) for the purposes of § 1291. *Holmes*, 682 F.2d at 1146. Rejecting that

2

approach, the Supreme Court in *Budinich* concluded that "the § 1291 effect of an unresolved issue of attorney's fees for the litigation at hand *should not turn upon the characterization of those fees* by the statute or decisional law that authorizes them." *Budinich*, 486 U.S. 196 at 201. (Emphasis added). The U.S. Supreme Court effectively overruled *Holmes* and established a "*uniform rule* that an unresolved issue of attorney's fees for the litigation in question *does not prevent judgment on the merits from being final.*" *Id.* at 202. (Emphasis added).

Kenai, in its *Motion to Dismiss*, acknowledges the Supreme Court's abrogation of *Holmes*, but erroneously claims that the Supreme Court created an exception. It did no such thing. In the passage cited by Kenai, the court was merely outlining the issue at hand before announcing how it was to be resolved. It was resolved by the creation of a bright-line rule. Kenai's assertion is that the Supreme Court in *Budinich* recognized an exception is fundamentally at odds with its announcement of a "bright-line rule."

Concerned with previous inconsistency in the application of § 1291, the Supreme Court held:

> [W]hat is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as "merits" or "nonmerits," but rather preservation of operational consistency and predictability in the overall application of § 1291. This requires, we think, *a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final*. *Budinich*, 486 U.S. 196 at 202. (Emphasis added).

The Supreme Court has thus explicitly announced a uniform rule. Emphasizing the point, the Supreme Court in *Budinich* concluded its analysis thus: that "courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id*. at 202-203. Plaintiff's assertion that there is an exception to this rule based the characterization of attorney's fees cannot stand. Regardless of whether attorney fees are deemed to have been awarded as damages or costs, the Judgment was final under § 1291 and jurisdiction exists.

**2. Kenai's Attorney's Fees Were Awarded as Costs**

As the Supreme Court in *Budinich* stated, attorney's fees are generally not considered part of the merits of the action. The Court pointed out the generally collateral nature of attorney's fees:

> As a general matter, it is indisputable that a claim for attorney's fees *is not part of the merits of the action to which the fees pertain*. Such an award *does not remedy the injury giving rise to the action*, and indeed is often available to the party defending against the action. *Budinich*, 486 U.S. 196 at 200. (Emphasis added).

The Supreme Court evaluated the history of attorney's fees, stating that at common law, attorney's fees were "regarded as an element of 'costs' awarded to the prevailing party, *citing* 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), which are not generally treated as part of the merits

judgment, cf. Fed. Rule Civ. Proc. 58 ("Entry of the judgment shall not be delayed for the taxing of costs"). The Court further remarked that "[m]any federal statutes providing for attorney's fees continue to specify that they are to be taxed and collected as 'costs.'" *Citing Marek v. Chesny*, 473 U.S. 1, 43-48, 87 L. Ed. 2d 1, 105 S. Ct. 3012 (1985) (BRENNAN, J., dissenting) (*citing* 63 such statutes).

After *Budinich*, this Court stated in *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521 (5th Cir. 1994), a collateral action "is one 'which is subsidiary to another action.' *citing* BLACK'S LAW DICTIONARY 261 (6th ed. 1990)". This Court recognized the decision in *Budinich* and held that "claims for attorneys' fees and costs are collateral because they are dependent on, and usually await, a determination of the claim on the merits. A claim for attorneys' fees or costs generally is not an independent claim for relief essential to the outcome of the case as a whole." *Id.* Following this precedent, this Court should recognize the general collateral nature of attorney's fees. Moreover, compensatory damages are to be proven at trial. Collateral attorney's fees and taxed costs are not required to be proven at trial. Because the District Court did not determine the magnitude of attorney's fees in its judgment, and no evidence of attorney's fees were presented at trial, they are not damages integral to the cause of action or judgment rendered. If this Court is to accept Plaintiff's argument that attorney's fees are in fact damages integral to the case, then Kenai should have presented evidence of them at the trial. In that event,

Kenai has not me its burden of proof by failing to put forth any evidence of fees incurred.

The Judgment was rendered in favor of Kenai "in the amount of $17,580.50, plus costs and reasonable attorney's fees", with prejudgment interest to run on "this amount" from March 5, 2019. The word "amount" here does not change meanings. It refers in both appearances to the damages awarded of $17,580.50; that is the amount of damages awarded and that is the amount upon which pre-judgment interest runs. Kenai's contrary reading is that "amount" changes meaning from one phrase to the next and includes, in its latter appearance, attorney's fees and costs. That is plainly wrong. Under that view, the Judgment would have to be interpreted as awarding prejudgment interest from March 2019 on Kenai's court costs, for a case not even filed as of the date. It is not reasonable to conclude that the district court intended for "amount" to mean two different things in one sentence. Nor is it reasonable to believe that the district court meant to award prejudgment interest on Kenai's court costs. The language of the Judgment thus indicates that attorney's fees are to be treated like court costs, as something to be taxed, not as damages upon which prejudgment interest should run.

Kenai also argues that, in claims for wrongful arrest or detention of vessels, attorney's fees are part of the merits of the action and that, as such, they are damages. Even if that could be true in the abstract, it is not true here. In the typical

wrongful arrest or wrongful detention case, the lawsuit is brought for a court order requiring the defendant to release the vessel. That is not our case. It is undisputed here that Kenai's vessel had been voluntarily redelivered by CP Marine to Kenai on March 11, 2019, without need of any legal action. Kenai filed suit later to collect damages only, not to secure a release of its vessel. In the context of our case, Kenai's attorney's fees therefore were not part of the merits of the action, and the attorney-fee award "does not remedy the injury giving rise to the action." Accord *Budinich*, 108 S.Ct. at 1721. The injury giving rise to the action was the alleged wrongful detention of the IRON DON. Kenai's attorneys' fees in pursuing this case could not have remedied that injury (the vessel's detention) because the vessel was voluntarily released before this suit began. In this case, Kenai's attorneys' fees were not part of the merits of the action and were not awarded as damages, but rather as costs, as the Judgment itself indicates.

For these reasons, Kenai Ironclad Corporation's Motion to Dismiss Appeal for Want of Jurisdiction should be denied.

Respectfully submitted,

*/s/ Alfred J. Rufty, III*
Alfred J. Rufty, III (#19990)
**Jones Walker LLP**
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8547
Facsimile:   (504) 589-8547
arufty@joneswalker.com

Attorney for CP Marine Services, LLC and<br>
Ten Mile Exchange, LLC, Appellants

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 23rd day of September, 2022 served a copy of the foregoing on counsel for all parties to this proceeding by electronic filing, facsimile, hand delivery, and/or by mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Alfred J. Rufty, III*
ALFRED J. RUFTY, III