

Alfred J. Rufty III
D: 504.582.8547
F: 504.589.8547
arufty@joneswalker.com

July 17, 2023

Hon. Judge Catharina Haynes
Hon. Judge Kurt D. Engelhardt
Hon. Judge John W. DeGravelles
U.S. Fifth Circuit Court of Appeals
600 Maestri Place, Suite 115
New Orleans, LA 70130-7700

  Re: Kenai Ironclad Corp. v. CP Marine Services, LLC, et al.
     Fifth Circuit No. 22-30311

Dear Panel:

  With permission from the Panel, as counsel for appellants, we briefly address the *Seisho Maru*[1] case, mentioned by Kenai counsel for the first time at oral argument. Kenai counsel focused on a concurring opinion, in which Judge Rubin opined that attorney's fees should be recoverable for wrongful arrest of a vessel, even if undertaken in good faith.

  A few comments. First, Judge Rubin was not saying what he believed the law to be, but what he hoped it would become. He acknowledged that the majority was correct under existing law to reject the vessel owner's request for attorney fees. Under the *Seisho Maru* majority opinion, a wrongful arrest (or detention) of a vessel does not necessarily entitle the plaintiff to recover attorney's fees. Attorney's fees are recoverable only if the arrest (or detention) was not only wrongful, but undertaken in bad faith, meaning that the arresting (or detaining) party had no reasonable basis for believing that the arrest (or detention) was justified. In *Seisho Maru*, a cargo owner arrested the carrying vessel, even though this was forbidden under an enforceable no-lien clause in the governing contract. The arrest thus had no legal basis. The Fifth Circuit nevertheless affirmed the trial court's dismissal by summary judgment of the shipowner's request for attorney's fees, finding that the arresting party had presented a good-faith argument for a change in the law and therefore did not act in bad faith.

  The defendants' explanation in our case is far stronger than the arresting party's in *Seisho Maru*. Under the reasoning of *Seisho Maru*, the outcome of our case hinges on whether CP Marine had a reasonable basis for believing that Kenai's surprise vessel-removal effort was unsafe. If so, then CP Marine had a reasonable basis for stopping it and, by doing so, did not wrongfully detain the vessel in bad faith and is not liable for attorney's fees. Beyond question, Kenai 's surprise

---

[1] *Cardinal Shipping Corp. v. M/S Sieshu Maru*, 744 F.2d 461 (5th Cir. 1984).

removal effort was unsafe, for reasons outlined in defendants' briefs and confirmed by Kenai's own video evidence (see Kenai's Exhibit 22, ROA.1848, showing that Kenai's Adler left the vessel underway in the narrow canal with an engaged the bow-thruster engine with no one at the controls for more than four minutes). Under *Seisho Maru*, because it was reasonable to regard Kenai's surprise removal effort as unsafe, stopping it could not have constituted a wrongful detention of the vessel in bad faith.[2]

In argument, Kenai's counsel quoted a passage from *Seisho Maru*'s concurring opinion, in which Judge Ruben noted that, in modern times, "securing release of a vessel may occasion the payment of attorney's fees in amounts never dreamed of in 1937." *Seisho Maru*, 744 F.2d at 475. In our case, however, the redelivery occurred *voluntarily* on March 11, months before suit was filed. Unlike in *Seisho Maru* (or *Frontera Fruit* upon which it relied, or any other wrongful arrest or detention case on record), suit was not filed here to secure the vessel's release from seizure. This was always just a case for money damages, primarily for alleged deficient repairs and delay damages that were illusory. The policy concern voiced by Judge Rubin—about the large amount of attorney's fees typically incurred in modern litigation to secure a vessel's release from seizure—therefore has nothing to do with our case. Kenai's attorney's fees were not part of the merits of the wrongful-detention claim because they were not incurred to secure the vessel's release from seizure.

We thank the Court for its time and consideration of this case.

Respectfully,

Alfred J. Rufty III

AJRIII/dms

---

[2] Kenai admits, moreover, that it declined to accept CP Marine's offer of March 7 to redeliver the vessel on March 8—making the last three days of the supposed detention entirely voluntary. The shipyard could not have done much better than this offer, considering that Kenai did not become ready for its vessel to leave the shipyard until March 5, ROA.1236 (Austin Adler), which was a holiday, and did not tell the shipyard of its readiness. CP Marine's offer of redelivery was timely under the circumstances. As discussed in defendants' briefs, there was really no detention at all, much less a bad faith one.